Matter of Blanch v Delta Airlines (2022 NY Slip Op 04079)

Matter of Blanch v Delta Airlines

2022 NY Slip Op 04079

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

534142
[*1]In the Matter of the Claim of Portia Blanch, Appellant,
v
Delta Airlines et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Schotter Millican, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Jones Jones, LLC, New York City (David Secemski of counsel), for Delta Airlines and another, respondents.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed March 11, 2021, which denied claimant's application for reconsideration and/or full Board review.
In 2018, claimant established a claim for workers' compensation benefits based upon a work-related injury to her head. In May 2020, the employer's workers' compensation carrier raised the issue of claimant's labor market attachment and claimant sought to amend the claim to include postconcussion syndrome with posttraumatic headaches. Following a July 2020 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had failed to demonstrate that her alleged postconcussion syndrome with associated headaches was causally related and disallowed her request to amend the claim. The WCLJ further found that claimant had voluntarily removed herself from the labor market subsequent to July 6, 2018 and therefore had suffered no compensable lost time as of July 7, 2018. In a decision filed December 11, 2020, the Workers' Compensation Board affirmed the WCLJ's determination and claimant appealed the Board's decision to this Court. Upon claimant's appeal of the Board's decision, this Court modified the decision by finding that the applicable date for a finding of no labor market attachment is July 13, 2020 and that the Board erred in rescinding claimant's indemnity benefits covering the period of July 7, 2018 to July 12, 2020, but otherwise affirmed (204 AD3d 1203, 1207 [2022]).
Claimant also applied for reconsideration and/or full Board review of the Board's December 2020 decision. The Board denied the application in a decision filed on March 11, 2021 and claimant appeals from that decision. On appeal, claimant argues that the Board erred in failing to consider new evidence she presented in the application regarding her labor market attachment as of July 2018. Claimant concedes, however, that the carrier was under no direction to make or continue indemnity payments as of July 13, 2020, and her argument is limited to challenging the Board's recission of benefits paid from July 7, 2018 to July 12, 2020. Insofar as this Court has reversed the Board's recission of the benefits paid to claimant for the period in question (id.), claimant has received all the relief she is requesting, rendering this appeal moot (see generally Matter of Canadanovic v Central Absorption of LIC, Inc., 193 AD3d 1246, 1246 [2021]).
Lynch, J.P., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.